UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NETJETS AVIATION, INC. and
NETJETS SALES, INC.,

    Plaintiffs,

v.                                                  CASE NO. 3:10-cv-00483-J-32JBT

PETER SLEIMAN DEVELOPMENT
GROUP, LLC, PETER SLEIMAN,
and JENNIFER WARD,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Jennifer Ward's Motion to Quash Subpoena and Motion for Protective Order ("Motion") (Doc. 39) and Plaintiffs' Memorandum in Opposition thereto ("Opposition") (Doc. 43). For the reasons stated herein, the Motion is due to be **GRANTED** except that expenses are denied.

**I.    Background**

Plaintiffs' Amended Complaint asserts two causes of action against Defendant Jennifer Ward: quasi-contract (Count VII) and unjust enrichment (Count VIII). (Doc. 32 at 12-13.) Plaintiffs frame the nature of this action as follows:

> [NetJets Aviation, Inc. (NJA)] and [NetJets Sales, Inc. (NetJets Sales)] assert claims for corporate alter ego liability for breach of contract and breach of contract implied-in-fact of [Peter Sleiman Development Group, LLC (PSDG)] related to the purchase and lease of fractional ownership interests in jet aircrafts by J Ward, Inc. NJA and NetJets also assert claims of quasi-contract and unjust enrichment of PSDG, Peter Sleiman and Jennifer Ward for private jet travel and related services provided to and received by Defendants.

(*Id.* at 2.)

At issue in the Motion is a broad subpoena directed to a non-party SunTrust Bank to produce all documents relating to various bank accounts, mortgages, and/or loan agreements relating to Jennifer A. Ward since January 1, 2004, all communications between her and SunTrust, and "all notes, memoranda, reports, summaries, forms, applications, and worksheets relating to Jennifer A. Ward." (Doc. 39 at 14.)

II. Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). For a court to consider permitting discovery of financial documents, the party seeking the documents "must demonstrate that the information sought is 'relevant,' as Rule 26 defines the term, and nothing else precludes disclosure." *Capone v. Ison*, 2008 WL 2277507, *4 (S.D. Fla. May 30, 2008).

A court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and the court may quash or modify a subpoena if it discloses certain confidential information. Fed. R. Civ. P. 45(c)(3)(A)(iii) & (B)(i). Further, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The burden is on the party seeking the protective order to demonstrate good cause for its issuance." *Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1371 (S.D.

Fla. 2009).

### III.   Analysis

The information Plaintiffs seek is not relevant to any claim asserted against Defendant Jennifer Ward.  The claims against this Defendant include a quasi-contract count (Count VII) and an unjust enrichment count (Count VIII).  (Doc. 32 at 12-13.)

Under Florida law:

> The elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred[;] and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

*Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So.2d 322, 331 (Fla. Dist. Ct. App. 2007). The elements of a cause of action for unjust enrichment are the same. *See, e.g.*, *Jackson-Jester v. Aziz*, 48 So.3d 88, 90 (Fla. Dist. Ct. App. 2010).  "A plaintiff may recover under quasi-contract where there is no express or implied-in-fact contract, but the defendant received something of value or benefited from the service supplied." *Griggs*, 959 So.2d at 331.

The Court finds that Plaintiffs' subpoena seeks information that is not relevant to any of the issues in the quasi-contract and the unjust enrichment counts.  Further, the information Plaintiffs seek is not relevant to any defense asserted by Defendant Jennifer Ward.  Defendant denies the allegations in Plaintiffs' Amended Complaint,

and asserts, as affirmative defenses, that the quasi-contract and the unjust enrichment claims are barred due to the existence of an express written agreement which covers the same subject matter.[1]  (Doc. 42.)  The information that is the subject of the subpoena does not relate to these defenses.

Moreover, although Count I of the Amended Complaint is against PSDG based on a theory of corporate alter ego liability, the Court does not see how the subject subpoena, which appears directed at Jennifer Ward's financial information, is relevant even to that count.  To the extent these records have any marginal relevancy to this count, such relevancy is outweighed by the sensitive and private nature of these financial records.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(D) (allowing the court "to protect a party or person from . . . undue burden" by issuing an order "forbidding inquiry into certain matters"); *Friedman v. Heart Inst. of Port Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003) ("Clearly, the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. . . . As appropriate, the trial court may conduct an in-camera inspection of the subject records . . . [and] may balance (on an ad hoc basis) the right to privacy and the right to know.") (internal quotation marks omitted); *Straub v. Matte*, 805 So.2d 99, 101 (Fla. Dist. Ct. App. 2002) (per curiam) ("Because there is no basis to conclude that the personal financial

---

[1] Defendant also asserts that Plaintiffs' claims are barred by res judicata and due to Plaintiffs' prior election of remedies. (Doc. 42.)

information sought . . . is relevant, we find that the trial court's order departs from the essential requirements of law which if uncorrected will lead to . . . irreparable harm . . . .").[2] Thus, Defendant's Motion is due to be granted.

Although the Motion will be granted, expenses will be denied because Plaintiffs' action in seeking the information was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). As stated herein, this case does involve a claim based on piercing the corporate veil to get to a different Defendant. The Court cannot eliminate the possibility that at least some of the information requested in the broad subpoena is marginally relevant, although outweighed by Ward's privacy interest. Therefore, Plaintiffs were substantially justified to seek the information.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 39**) is **GRANTED**. The subject subpoena is hereby **QUASHED**. Plaintiffs are **DIRECTED** to immediately notify SunTrust Bank of this ruling. If any documents have been received in response to this subpoena, they must be promptly returned without any inspection.

2. Expenses are denied. *See* Fed. R. Civ. P. 26(c)(3) and 37(a)(5)(A)(ii) & (iii).

---

[2] Both parties cite to Florida law as relevant to this issue.

**DONE AND ORDERED** at Jacksonville, Florida, on February 28, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record