**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NETJETS AVIATION, INC. and
NETJETS SALES, INC.,

        Plaintiffs,

vs.                                                   Case No. 3:10-cv-483-J-32MCR

PETER SLEIMAN DEVELOPMENT
GROUP, LLC, PETER SLEIMAN, and
JENNIFER WARD, individually,

        Defendants.

## ORDER

This case is before the Court on defendants Peter Sleiman Development Group, LLC's ("PSDG") and Peter Sleiman's Motion to Dismiss Counts One and Five of the Second Amended Complaint (Doc. 67) and NetJets Aviation, Inc.'s and NetJets Sales, Inc.'s (together, "NetJets") response thereto (Doc. 69).  At issue is whether NetJets can pierce the corporate veil to state a breach of contract claim under Florida law against PSDG and Sleiman for contracts entered into between NetJets and J.Ward, Inc., an entity whose sole shareholder is defendant Jennifer Ward.  Upon referral from the undersigned, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 75), in which he found that while NetJets sufficiently alleged that PSDG and Sleiman dominated and controlled J.Ward to such an extent that J.Ward did not have an independent existence, NetJets failed to sufficiently allege that PSDG's and Sleiman's use of J.Ward was fraudulent or for an improper purpose, as is necessary to state a claim for alter ego liability.  The

Magistrate Judge therefore recommended that defendants' Motion to Dismiss be granted and that Counts I and V of plaintiffs' second amended complaint be dismissed without prejudice. Both sides filed objections (Docs. 77, 79) and responses thereto (Docs. 81, 85), with NetJets arguing that the Magistrate Judge erred in finding their "improper purpose" allegations to be deficient and PSDG and Sleiman arguing the Magistrate Judge erred by concluding that a party other than a shareholder could serve as an alter ego.

Upon independent review of these issues, the undersigned finds it to be a close question as to whether a non-shareholder can serve as an alter-ego under Florida law. However, at the pleadings stage, the Court is unprepared to adopt PSDG's and Sleiman's broad reading of Molinas,[1] which would foreclose further consideration of whether the "family unit" exception or any others are applicable here. Additionally, and again because we are at the pleadings stage, it seems premature to foreclose the possibility that NetJets could establish that J.Ward was used fraudulently or for an improper purpose, a fact-intensive inquiry. The undersigned finds the allegations are sufficient for purposes of Rule 8 and only further discovery will provide the proper record upon which to determine whether NetJets can ultimately make the required showing necessary to sustain these claims.

---

[1] See Molinas Valle Del Cibao v. Lama, 633 F.3d 1330 (11th Cir. 2011).

For these reasons, it is hereby

**ORDERED**:

Defendants PSDG's and Sleiman's Motion to Dismiss (Doc. 67) is **denied**.[2] Defendants' Motion for Sanctions (Doc. 80) (premised on the frivolity of plaintiffs' pursuit of Counts I and V), is likewise **denied**. PSDG and Sleiman shall file answers to the third amended complaint no later than **October 17, 2011**. The parties' Agreed Motion to Modify Amended Case Management and Scheduling Order (Doc. 87) is **granted**. The Court will enter a separate Second Amended Case Management and Scheduling Order memorializing the parties' proposed deadlines and settings.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of September, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Monte C. Richardson
United States Magistrate Judge

counsel of record

---

[2] The Report and Recommendation (Doc. 75) is therefore adopted in part. Plaintiffs' objections (Doc. 79) are sustained and defendants' objections (Doc. 77) are overruled.

[3] The parties' proposed discovery deadlines should leave ample time for the parties to bring to the Magistrate Judge's attention any discovery issues that need to be revisited in light of this Order.

3