UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NETJETS AVIATION, INC. and NETJETS
SALES, INC.,

      Plaintiffs,

vs.                                             Case No. 3:10-cv-483-J-32MCR

PETER SLEIMAN DEVELOPMENT GROUP,
LLC, PETER SLEIMAN, and JENNIFER
WARD,

      Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 116) filed April 12, 2012. Plaintiffs filed a response in opposition to this motion (Doc. 117) on April 30, 2012. Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

The instant litigation stems from contracts entered into between Plaintiffs and a Florida corporation, J.Ward. When J.Ward breached the contracts by failing to pay monies owed, Plaintiffs sued J.Ward in Ohio state court and obtained a judgment against it. Plaintiffs were unable to collect on the judgment and subsequently brought the instant litigation initially alleging claims for corporate alter ego liability for breach of contract and breach of contract implied-in-fact against Defendant, Peter Sleiman Development Group ("PSDG") related to the purchase and lease of fractional ownership interests in jet aircrafts by J.Ward, Inc. (Doc. 32). Plaintiffs also alleged claims of

-1-

quasi-contract and unjust enrichment against PSDG, Peter Sleiman ("Sleiman"), and Jennifer Ward ("Ward") for private jet travel and related services provided to and received by Defendants. Id. Plaintiffs subsequently amended the complaint to include claims for alter ego liability against Sleiman and Ward related to J.Ward's purchase and lease of the fractional ownership interests in the aircraft. (Doc. 63).

In February 2011, Defendants, PSDG and Sleiman, served Plaintiffs with requests for production and interrogatories. Plaintiffs responded on March 31, 2011. Defendants contend Plaintiffs' objections and responses to many of the discovery requests are deficient and therefore, they filed the instant Motion to Compel.

## II. ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore, embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Defendants contend many of Plaintiffs' responses to their discovery requests are deficient.  Specifically, Defendants contend Plaintiffs' boilerplate objections are not sufficiently detailed.  Plaintiffs respond that they conferred with Defendants and provided further detail regarding their objections.  Defendants further contend the information they seek in the discovery requests is relevant despite Plaintiffs' claims to the contrary.  The Court will address each of Defendants' allegations.

**Request for Production No. 5**

In this request, Defendants seek all documents and communications related to the sale, lease, or use of the Subject Aircraft to or by any person or entity during 2006 and 2007.  Defendants contend this information regarding the use of the jets by Defendants and other individuals and entities is relevant because Plaintiffs' claims arise out of the use of the jets.  Further, Defendants claim that because Plaintiffs allege Defendants' use of the jets was improper, reviewing documents relating to other individuals' use of the aircraft will lead to the discovery of relevant information regarding the propriety of Defendants' use.  Finally, Defendants believe the requested information will reflect the date Plaintiffs resold J.Ward's share of the aircraft, which will be relevant with respect to Plaintiffs' damages claim.

Plaintiffs respond that their claims are based upon Defendants' domination and control of J.Ward and Defendants' acceptance of flights on private aircraft provided by Plaintiffs without payment.  Accordingly, the use of the aircraft by other individuals and

entities is not relevant to the instant litigation.  Moreover, Plaintiffs point out that the sale or lease of the aircraft by other individuals or entities has no bearing on their damages as pursuant to the agreements, damages are determined by specific dates and are not contingent upon Plaintiffs' re-selling the interest.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1), Fed.R.Civ.P.  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.  Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'"  Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No CA 05-0377-BH-C, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)).  Here, Defendants have not met that burden with respect to this request.  The Court does not believe information regarding

the sale or lease of the jets to any other individual/entity is relevant to the instant litigation and therefore, will deny Defendants' Motion to Compel with respect to Request No. 5.

**Requests for Production Nos. 8 and 9**

These requests seek all billing records, credit records, underwriting records, investigation records, due diligence records, background records, closing files, and all other documents and communications related to (1) all customers, purchasers, lessees, or users of Plaintiffs' jets and (2) the decision by Plaintiffs to sell, lease, or allow the use of its jets to its customers. Defendants argue the information sought in these requests is relevant because Plaintiffs' claims involve the use of aircraft under Plaintiffs' lease program. Further, Defendants believe the documents requested will show whether Plaintiffs were diligent when investigating a potential client's background or creditworthiness. Plaintiffs respond that they have produced responsive documents relating to J.Ward's account. With respect to the documents regarding all other customers, Plaintiffs argue that the information is voluminous and not relevant. The Court agrees.

Witnesses for Plaintiffs have already testified that Plaintiffs did not, as a general practice, conduct formal due diligence. Requiring Plaintiffs to produce billing records and communications to all of its clients is overly burdensome. Perhaps Defendants should serve an interrogatory asking if there have been any instances in which Plaintiffs have engaged in due diligence. It appears this would be a much less burdensome and

more productive way to gain the information they seek. Accordingly, the Court will deny Defendants' Motion to Compel with respect to Requests Nos. 8 and 9.

**Requests for Production Nos. 11 and 12**

These requests seek information regarding other lawsuits in which Plaintiffs alleged alter ego liability or sought to collect money for aircraft services. Defendants argue the information is relevant because alter ego liability is an uncommon cause of action. As such, Defendants believe information regarding other alter ego cases may shed light on Plaintiffs' debt collection practices. Similarly, Defendants argue information regarding any other cases in which Plaintiffs sued a customer may show that Plaintiffs routinely sue individuals who are not parties to contracts with them in an attempt to reach entities with "deeper pockets."

The Court does not believe information regarding other lawsuits in which Plaintiffs alleged alter ego liability or in which Plaintiffs' sued for monies owed will lead to the discovery of admissible evidence. As such, the Court will not require Plaintiffs to respond to either Requests Nos. 11 or 12.

**Requests for Production Nos. 15 and 16**

These requests seek information regarding any instance in which Plaintiffs entered into a contract with a business entity without a personal guarantee and/or in which Plaintiffs were or are in litigation with such entity. Defendants believe this information will show whether it was a common practice of Plaintiffs to enter into agreements with potential clients without the requirement of a personal guarantor. Defendants believe this will support their claim that this litigation is simply "an after-the-

fact back and fill effort by Plaintiffs to impose liability against parties with whom it could have contracted, but chose not to." (Doc. 116, p.15). Plaintiffs respond that they do not have a practice of requiring a personal guarantee when entering into contracts. As such, responding to this request would require the production of every contract and communication in Plaintiffs' possession. Considering the limited relevance, if any exists, in these documents, the Court will not require Plaintiffs to respond to Request No. 15.

As for information regarding other litigation, the Court does not see the relevance. Defendants claim the information will help show whether Plaintiffs routinely name individuals and entities who are not parties to an agreement with them as defendants in lawsuits. Such information is not relevant to the issues in the present litigation and therefore, the Court will not require Plaintiffs to respond to Request No. 16.

**Request for Production No. 17**

This request seeks all flight activity reports for Plaintiffs' aircraft including all documentation that every person flying in the aircraft had the contractual right to do so. Defendants argue this information is relevant because Plaintiffs' allege Defendants' use of the aircraft was improper. Specifically, Defendants believe this information will be relevant to Plaintiffs' unjust enrichment claims. According to Defendants, if Defendants' use of a plane did not cause any disruption in Plaintiffs' ability to provide aircraft to other clients, Plaintiffs' unjust enrichment claim would be "significantly diminished."

As Plaintiffs point out, their unjust enrichment claim is premised on Sleiman's "knowing and accepting a benefit under circumstances that make it inequitable for the party to retain such benefit without payment of the value." (Doc. 117, p.13).

Accordingly, information regarding other clients' flights is not relevant to whether Sleiman was unjustly enriched by using Plaintiffs' aircraft. Therefore, the Court will again deny Defendants' Motion to Compel insofar as it relates to Request No. 17.

**Request for Production No. 19**

This request asks for all collection notices or collection letters to all customers, purchasers, lessees, or users of NetJets. Defendants take the position that this request seeks information relevant to Plaintiffs' collection practices. Defendants contend this request seeks information regarding three of Plaintiffs' practices: (1) attempts to impose liability on non-parties to a contract, (2) limitations on an owner's use of the jets, and (3) permitting or restricting a delinquent owner from using the jets. Again, the Court does not believe the collection notices or letters are relevant to the issues in the instant litigation and will not require Plaintiffs to provide them.

**Request for Production No. 20**

In this request, Defendants ask for Plaintiffs' organizational charts since its inception. Defendants failed to provide any argument regarding the relevance of this information and as the Court can discern none, Plaintiffs need not respond to this request.

**Request for Production No. 23**

This request seeks documents related to lawsuits in which Plaintiffs were a party since their inception. Again, Defendants have failed to show how this information is relevant to the issues in the instant litigation and therefore, their request for an Order compelling Plaintiffs to produce it is denied.

**Request for Production No. 37**

This request seeks information showing the relationship between the compensation paid to any of Plaintiffs' employees and the amounts collected by Plaintiffs from its customers. Defendants claim this information will show whether Plaintiffs' employees are diligent in their determination of whether a potential client can afford payments under the terms of the agreement or whether the employees are motivated by personal economic gain. Plaintiffs respond by noting Defendants are aware that Plaintiffs' employees are not compensated based upon the amounts collected by Plaintiffs. Therefore, the Court directs Plaintiffs to respond to this request by indicating there are no such documents.

**Request for Production No. 44**

This request seeks all operative documents referred to in the contracts entered into by the parties. Plaintiffs respond that all such documents are attached to the Second Amended Complaint. Plaintiffs shall revise their response to this request to so indicate.

**Request for Production No. 47**

In this request, Defendants seek information regarding Plaintiffs' practices and procedures for: (1) determining the creditworthiness of a potential client, (2) determining when personal guarantees would be required, (3) reviewing and evaluating prospective clients, and (4) deciding whether Plaintiffs would enter into a contract with a potential client. This request is duplicative of numerous other requests and for reasons already

noted in this Order, the Court will deny Defendants' Motion to Compel as it relates to this request.

**Request for Production No. 48**

This request seeks information showing all revenues collected or accrued by Plaintiffs surrounding their aircraft from June 20, 2006 through the present. Defendants claim they need this information in order to determine Plaintiffs' damages. Specifically, Defendants argue the information requested will show the amount paid by J.Ward and the amount paid by other parties who used the same aircraft. Further, Defendants believe the documents will show whether Plaintiffs took any steps to mitigate their damages. Plaintiffs respond they have already provided Defendants with documents showing the amounts paid against the balance of the J.Ward account and documents showing how they mitigated their damages by re-purchasing the 6.25% interest in one jet and terminating the lease agreement on the other. Plaintiffs note that the information on all revenues collected by Plaintiffs is not relevant and would be extremely burdensome for Plaintiffs to collect. The Court agrees that Plaintiffs have already produced relevant information and they will not be required to respond further to this request.

**Interrogatory No. 4**

This interrogatory asks for a calculation of Plaintiffs' damages claimed against Sleiman. Plaintiffs objected to this interrogatory on the basis that it sought protected work product. Plaintiffs further note that at the time they prepared this response, in March 2011, Sleiman had not provided any information regarding his flights and

therefore, Plaintiffs could not respond to the interrogatory. It is unclear whether Sleiman has since provided that information. In any event, Plaintiffs have failed to substantiate their claim of work product. "Their mere conclusory statements do not suffice." Riley v. U.S., No. 11-2244-EFM-DJW, 2012 WL 1231830, *6 (D. Kan. Apr. 12, 2012) (overruling work product objections where plaintiffs failed to meet their burden of showing that interrogatory seeking method of calculating damages was protected work product). Accordingly, Plaintiffs objections on the basis of work product are overruled and if they are in possession of the information regarding Sleiman's use of the plane, they are directed to revise their response to this interrogatory.

**Interrogatory No. 7**

This interrogatory seeks the identities of all of Plaintiffs' customers during the years 2006 and 2007. Defendants argue this request seeks relevant information because it will show that they were not Plaintiffs' customers in 2006 and 2007. The Court agrees with Plaintiffs that this request is bordering on ridiculous. There is no question that Defendants were not Plaintiffs' customers and Plaintiffs do not make such a claim. Moreover, if Defendants are determined to have Plaintiffs make such an admission, it would be much more efficient to serve Plaintiffs with a request for admissions instead of asking them to identify all of their customers to show Defendants were not customers.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 116) is **GRANTED in part and DENIED in part** as provided in the body of this Order. Plaintiffs shall provide their amended responses to the discovery requests no later than **Friday, June 1, 2012**.[1]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of May, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[1] In their Motion and Response, the parties each ask for sanctions. While the Court has primarily denied this Motion, it is requiring Plaintiffs to amend their response to at least three requests. Additionally, Defendants had reasonable grounds for their belief that **some** of the requested documents were relevant. Accordingly, the Court will not award sanctions at this time. However, the Court is concerned with the apparent failure of counsel for Defendants to properly confer with opposing counsel prior to filing the instant motion. It appears that most of the issues raised in the instant motion could have and should have been resolved by the parties without involving the Court. Additionally, the Court is concerned with the two remaining motions to compel filed by the parties. Counsel should note that future failures to properly confer will result in the offending motion being either stricken or denied and sanctions being imposed on the attorney filing the motion.