UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NETJETS AVIATION, INC. and NETJETS
SALES, INC.,

      Plaintiffs,

vs.                                                Case No. 3:10-cv-483-J-32MCR

PETER SLEIMAN DEVELOPMENT GROUP,
LLC, PETER SLEIMAN, and JENNIFER
WARD,

      Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Jennifer Ward to Appear for Deposition (Doc. 140) filed October 15, 2012. Defendant, Jennifer Ward ("Ward"), filed a response in opposition to Plaintiffs' motion on October 19, 2012 (Doc. 142) and after seeking leave, Plaintiffs' filed a Reply (Doc. 145) on October 25, 2012. Accordingly, this matter is now ripe for judicial review.

### **I. BACKGROUND**

The instant litigation stems from contracts entered into between Plaintiffs and a Florida corporation, J Ward. When J Ward breached the contracts by failing to pay monies owed, Plaintiffs sued J Ward in Ohio state court and obtained a judgment against it. Plaintiffs were unable to collect on the judgment and subsequently brought the instant litigation initially alleging claims for corporate alter ego liability for breach of contract and breach of contract implied-in-fact against Defendant, Peter Sleiman

Development Group ("PSDG") related to the purchase and lease of fractional ownership interests in jet aircrafts by J Ward, Inc.  (Doc. 32).  Plaintiffs also alleged claims of quasi-contract and unjust enrichment against PSDG, Peter Sleiman ("Sleiman"), and Ward for private jet travel and related services provided to and received by Defendants. Id.  Plaintiffs subsequently amended the complaint to include claims for alter ego liability against Sleiman and Ward related to J Ward's purchase and lease of the fractional ownership interests in the aircraft.  (Doc. 63).

Discovery in this case has been extremely contentious.  The discovery deadline was extended numerous times, most recently to October 15, 2012.  (Doc. 134).  In his Order granting the final extension, Judge Corrigan clarified that no further extensions would be permitted.  Additionally, he directed the parties "to conduct their remaining discovery in accordance with the rules and high expectations of this Court."  (Doc. 134, p.1).  Despite this directive, it appears Ward failed to appear for a noticed deposition.  In the instant Motion, Plaintiffs ask the Court to enter an Order compelling Ward to appear for a deposition on or before November 2, 2012 and to award Plaintiffs their reasonable expenses incurred as a result of Ward's failure to appear.  (Doc. 140).

## II.  ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

Case 3:10-cv-00483-TJC-MCR   Document 146   Filed 10/25/12   Page 3 of 4 PageID 2408

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore, embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant matter, Plaintiffs contend and Ward agrees that her deposition was properly noticed for October 12, 2012 at 9:00 a.m.  At Ward's urging, counsel for Plaintiffs' agreed to push back the start time for her deposition to 10:30 a.m.  However, Ward did not appear for her deposition at 10:30 a.m.  Indeed, it was not until 2:15 p.m., after counsel for both Plaintiffs and Ward agreed to discharge the court reporter, that Ward arrived at her counsel's office for the deposition.  Ward did not provide any explanation for her failure to appear and her response to the instant motion contains no such explanation.

As no explanation whatsoever has been provided, the Court is left to conclude that Ward simply decided to arrive late for her deposition in order to allow counsel for Plaintiffs less time in which to conduct the deposition.  The Court will not condone a party's unilateral decision not to cooperate with discovery.  Accordingly, the undersigned will direct Ward to appear for a deposition (not to exceed seven hours in length) on or before November 9, 2012.  Ward shall either travel to Columbus, Ohio to

attend the deposition at counsel for Plaintiffs' office or she will be obligated to pay for counsel's reasonable travel expenses to attend the deposition in Jacksonville, Florida. These expenses shall not exceed $500.00. Failure to comply with this Order will result in the imposition of additional sanctions and the potential that the Court will begin contempt proceedings against Ward and/or her counsel.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion to Compel Jennifer Ward to Appear for Deposition (Doc. 140) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this ___25th___ day of October, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record